**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o U.S. Attorney's Office<br>601 D Street, NW<br>Washington, DC 20530,<br><br>Plaintiff,<br><br>v.<br><br>MOTOR TANKER VERONICA,<br>INTERNATIONAL MARITIME<br>ORGANIZATION<br>NUMBER 9256860,<br><br>Defendant In Rem. | Case No. 1:26-cv-00993-AHA |

**NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM**

Claimant Angela Mistrulli Cantone ("Claimant"), appearing *pro se*, is a victim of state-sponsored terrorism who holds a final judgment against the Islamic Republic of Iran ("Iran") and certain of its agencies and instrumentalities, awarding her $8,500,000.00 in compensatory (solatium) damages under 28 U.S.C. § 1605A for the death of her father in the terrorist attacks of September 11, 2001, together with prejudgment interest, in *Hoglan, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:11-cv-07550 (GBD)(SN) (S.D.N.Y.) (the "Hoglan Action"), related to *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)(SN) (S.D.N.Y.).[1] Claimant files this Notice individually, on her own behalf, and not as a member of any group of judgment creditors.

Claimant learned of this forfeiture action and the evidence set forth in the Government's Verified Complaint for Forfeiture *In Rem* at ECF No. 1 in *United States of America v. Motor Tanker Veronica Bearing International Maritime Number 9256860*, No. 1:26-cv-00993-AHA, pending in this District (the "Veronica Action"), through the Government's notice of civil forfeiture, which was posted on www.forfeiture.gov for at least 30 consecutive days beginning August 5, 2026. The Government's complaint states that the Defendant Motor Tanker (the "Veronica" or "Defendant Property") was seized on or about January 15, 2026; that it is owned by MG-Flot, LLC, a Russia-registered entity; and that it has transported millions of barrels of Iran-

---

[1] A copy of the Hoglan judgment identifying Claimant's individual award is attached as Exhibit A. A copy of the Department of State's letter confirming service on Iran is attached as Exhibit B.



RECEIVED
OCT 2 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

origin crude oil loaded at Iranian terminals for the benefit of the Islamic Revolutionary Guard Corps ("IRGC") and the IRGC Quds Force ("IRGC-QF"). Veronica Action, ECF No. 1 ¶¶ 1–2, 28, 40–45.

The Government seeks forfeiture of the Veronica under 18 U.S.C. § 981(a)(1)(G)(i) on the theory that it constitutes foreign assets of the IRGC and the IRGC-QF, or alternatively affords the National Iranian Oil Company ("NIOC"), the Iranian Oil Terminals Company ("IOTC"), the National Iranian South Oil Company ("NISOC"), MG-Flot, LLC, and Zernoexport, LLC a source of influence over the IRGC and the IRGC-QF. Veronica Action, ECF No. 1 ¶¶ 47–51. The IRGC, the Iranian Ministry of Petroleum, and NIOC are each judgment debtors in Claimant's judgment.

Based on the information established by the Government in the Veronica Action, Claimant is entitled to attach and execute on the property of Iran and its agencies and instrumentalities "[n]otwithstanding any other provision of law" under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002), codified at 28 U.S.C. § 1610 note. Claimant therefore files this Notice pursuant to 18 U.S.C. § 983(a) and Supplemental Rule G(5)(a) to assert her superior interest in the Defendant Property, and all proceeds traceable thereto, as may ultimately be necessary to satisfy her outstanding compensatory damages judgment against Iran, plus post-judgment interest. Under TRIA, Claimant's interest in the Veronica is senior to any interest of the United States or any other non-TRIA claimant.[2]

In support of this Notice, Claimant states as follows:

## I. Claimant's Judgment Against Iran

1. Claimant is a plaintiff in the Hoglan Action and the child of Joseph D. Mistrulli, who was killed in the terrorist attacks of September 11, 2001, which Iran sponsored and materially supported. The plaintiffs in the Hoglan Action are the estates of, and the family members of, individuals killed in those attacks.

2. Following an evidentiary hearing on liability held on August 17, 2015, the United States District Court for the Southern District of New York ("SDNY") entered Findings of Fact and Conclusions of Law and an Order of Judgment on August 31, 2015, holding the following sixteen defendants liable to the Hoglan plaintiffs: (1) Islamic Republic of Iran; (2) Ayatollah Ali Hoseini-Khamenei; (3) Ali Akbar Hashemi Rafsanjani; (4) Iran's Ministry of Information and Security; (5) Islamic Revolutionary Guard Corps; (6) Iran's Ministry of Petroleum; (7) National Iranian Oil Corporation; (8) National Iranian Tanker Corporation; (9) National Iranian Gas Company; (10) National Iranian Petrochemical Company; (11) Iran's Ministry of Commerce; (12)

---

[2]Because the value of the Veronica and any proceeds varies, the amount necessary to satisfy Claimant's judgment cannot be determined until the Defendant Property is transferred or otherwise liquidated in satisfaction of that judgment.

Iran's Ministry of Economic Affairs and Finance; (13) Iran's Ministry of Defense and Armed Forces Logistics; (14) Iran Airlines; (15) Central Bank of Iran; and (16) Hezbollah.

3. On February 23, 2018, the Honorable George B. Daniels signed a Final Order and Judgment on Compensatory Damages in the Hoglan Action, which was entered on the docket on February 26, 2018, in favor of thirteen Decedent's Estate Plaintiffs and 203 Individual Family Member Plaintiffs and against all sixteen defendants. *Hoglan* Action, ECF No. 241 (also MDL ECF No. 3905). The judgment awards (1) $469,465,035.00 in economic damages to the thirteen estates, (2) $26,000,000.00 in damages for pain and suffering to the estates, and (3) $1,346,375,000.00 in solatium damages to the Individual Family Member Plaintiffs, for total compensatory damages of $1,841,840,035.00, plus (4) prejudgment interest on the $1,372,375,000.00 awarded for pain and suffering and solatium at the rate of 4.96 percent per annum, compounded annually, from September 11, 2001, to the date of judgment. *Id.* at 3. The SDNY ordered that each of the defendants is jointly and severally liable for the entire judgment on compensatory damages, denied the request for punitive damages without prejudice, and certified the judgment as final and appealable under Federal Rule of Civil Procedure 54(b). *Id.* at 3, 9.

4. The judgment awards Claimant $8,500,000.00 in solatium damages as the "Child" of decedent Joseph D. Mistrulli (identified in the solatium table as "Joesph D. Mistrulli"), together with prejudgment interest as provided in the judgment. *Id.* at 7. The Hoglan judgment, which identifies Claimant and her individual award, is attached as Exhibit A.

5. Service of the judgment on Iran was completed. On August 1, 2018, the Clerk of the SDNY transmitted the final judgment documents to the Secretary of State for service on Iran under 28 U.S.C. § 1608(a)(4). *Hoglan* Action, ECF No. 320-4. By letter dated November 28, 2018, the Department of State advised the Clerk that the documents, including the Final Order and Judgment on Compensatory Damages, were delivered to the Iranian Ministry of Foreign Affairs on October 18, 2018, under cover of diplomatic notes Nos. 1087-IE through 1094-IE dated October 17, 2018, pursuant to 28 U.S.C. § 1608(a)(4) and (e), as to Iran, the Ministry of Information and Security, the Islamic Revolutionary Guard Corps, the Ministry of Petroleum, the Ministry of Economic Affairs and Finance, the Ministry of Commerce, the Ministry of Defense and Armed Forces Logistics, and the Central Bank of Iran. *Hoglan* Action, ECF No. 320-5 at 2. A copy of the Department of State's November 28, 2018 letter confirming service on Iran is attached as Exhibit B.

6. The SDNY also issued a request for international judicial assistance (letters rogatory) for service of the judgment documents on the remaining Iranian defendants, including NIOC (identified in the judgment as the National Iranian Oil Corporation). The Department of State reported that the letters rogatory were transmitted to the Iranian Ministry of Foreign Affairs

under diplomatic notes dated July 15, 2019, and that the Ministry refused to accept them when delivery was attempted on July 17, 2019. *Hoglan* Action, ECF No. 320-14 at 2. In that request, the SDNY recited that all of the Iranian entities named as defendants in the Hoglan Action "have been adjudged to be political or military subdivisions of Iran, and/or agencies and instrumentalities of Iran, and are therefore equivalent to Iran for purposes of this action." *Hoglan* Action, ECF No. 320-8 at 7. The request was filed on February 22, 2020, in support of a motion under 28 U.S.C. § 1610(c).

7. Claimant's judgment remains largely unpaid. Of the $8,500,000.00 in compensatory damages awarded to Claimant, $7,910,277.66 in compensatory damages remains outstanding, exclusive of interest. The unpaid balance continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II. The Veronica Is Tied by the Government's Own Allegations to Iran and the IRGC.

### A. Iran, the IRGC, the Ministry of Petroleum, and NIOC

8. The United States designated Iran as a state sponsor of terrorism on January 19, 1984, and has not delisted it. Veronica Action, ECF No. 1 ¶ 6.

9. The Government alleges that the IRGC, including the IRGC-QF, is a designated Foreign Terrorist Organization, that the IRGC-QF was designated by the Office of Foreign Assets Control ("OFAC") under Executive Order 13,224 on October 25, 2007, and that the IRGC was so designated on October 13, 2017. *Id.* ¶¶ 16–17, 48–49. The IRGC is a judgment debtor in Claimant's judgment.

10. The Government alleges that on October 26, 2020, OFAC designated both the Iranian Ministry of Petroleum and NIOC under Executive Order 13,224 for providing financial support to the IRGC-QF, and that the Department of the Treasury reported to Congress in 2012 that NIOC is an agent or affiliate of the IRGC. *Id.* ¶¶ 10, 21. The Ministry of Petroleum and NIOC (identified in the Hoglan judgment as the National Iranian Oil Corporation) are judgment debtors in Claimant's judgment.

11. The Government further alleges that IOTC, a subsidiary of NIOC, operates the Kharg Oil Terminal on Kharg Island, Iran, and that the terminal receives oil from fields operated by NISOC, also a subsidiary of NIOC. *Id.* ¶¶ 22–25.

### B. The Veronica

12. The Veronica (IMO 9256860) is a crude oil tanker built in 2003. Although it was purportedly flagged in Guyana, the Government alleges that Guyanese authorities confirmed it was never legitimately flagged there, and the Coast Guard seized the vessel on or about January 15, 2026. *Id.* ¶¶ 2, 26. The Veronica is currently in the vicinity of the United States. *Id.* ¶ 46.

13. OFAC designated the vessel on February 22, 2022, under its prior name, the M/T PEGAS, as property of PSB Lizing OOO, a designated subsidiary of Promsvyazbank. *Id.* ¶ 27. The Government alleges that the vessel, later renamed the LANA, was registered in Iran from approximately August 2022 until October 2024, and was falsely registered in Guyana as the Veronica. *Id.* MG-Flot, LLC became the registered owner on or about March 2022, approximately one month after OFAC designated the vessel. *Id.* ¶ 28.

14. The Government alleges that the Veronica has loaded millions of barrels of Iran-origin crude oil, worth tens of millions of dollars, at Iranian terminals, including: approximately 700,000 barrels at Kharg Island on or about August 2, 2023, discharged at Baniyas, Syria, on or about August 19, 2023; approximately 700,000 barrels at Lavan Island on or about November 4, 2023, discharged at Baniyas on or about November 21, 2023; a ship-to-ship transfer from the M/T SKIPPER near Larak Island, Iran, on or about July 21, 2024; and approximately 772,000 barrels at Sirri Island on or about August 27, 2024, discharged at Baniyas on or about October 4, 2024. *Id.* ¶¶ 40–45. The SKIPPER and its then owner were designated in or around November 2022 as part of a sanctions evasion network supporting the IRGC-QF and Hizballah. *Id.* ¶ 44.

15. The Government further alleges that the Veronica engaged in repeated AIS spoofing near Iran and the United Arab Emirates between 2024 and 2025 to conceal its movements, and that it participated in ship-to-ship transfers of Venezuela-origin oil in late 2025. *Id.* ¶¶ 29–38.

16. On these allegations, the Government asserts that the Veronica is subject to forfeiture "as foreign assets of the IRGC and the IRGC-QF," or alternatively as property affording NIOC, IOTC, NISOC, MG-Flot, LLC, and Zernoexport, LLC a source of influence over the IRGC and the IRGC-QF. *Id.* ¶¶ 50–51.

## III. Under TRIA, Claimant Has a Senior Interest in the Veronica.

17. To state a claim for her interest in the Defendant Property, Claimant need only assert a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [she] ultimately prove[s] the existence of that interest is a question for a later stage in the proceedings." *Id.* Here, the facts alleged in the Government's complaint and Claimant's judgment establish more than a facially colorable interest.

18. Claimant holds a judgment against Iran and its agencies and instrumentalities for harms resulting from acts of terrorism sponsored by Iran. TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." TRIA § 201(a), 116 Stat. at 2337.

19. TRIA's "notwithstanding" clause is intended to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391–92 (2009) (Kennedy, J., concurring). The clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted).

20. Because it expressly overrides conflicting laws, TRIA necessarily overrides "the civil-forfeiture statute." *Est. of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025); *see also United States v. All Petroleum-Prod. Cargo Aboard the Achilleas with Int'l Mar. Org. No. 9398072*, No. 21-0305 (PLF), 2026 WL 2618380, at *8 (D.D.C. Sept. 4, 2026).

21. The Government's allegations and Claimant's judgment satisfy each requirement of TRIA, and in turn establish Claimant's senior interest in the Defendant Property over the Government and any non-TRIA claimant. In summary:

- Claimant holds a judgment for compensatory damages against Iran arising from acts of terrorism under 28 U.S.C. § 1605A;
- Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism, and the IRGC, also a judgment debtor, is a designated Foreign Terrorist Organization. See TRIA § 201(d)(4); Exec. Order No. 13,599, 77 Fed. Reg. 6659 (Feb. 5, 2012); Veronica Action, ECF No. 1 ¶¶ 6, 17, 48;
- The Veronica is, by the Government's own account, a foreign asset of the IRGC and the IRGC-QF, or alternatively property that serves Iran's agencies and instrumentalities, including NIOC and its subsidiaries, as a means to transport and sell Iranian oil and thereby provide material support to Iran. Veronica Action, ECF No. 1 ¶¶ 1, 40–45, 50–51. See *Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 132, 135 (2d Cir. 2016); and
- The Veronica falls within TRIA's definition of "blocked assets." TRIA § 201(d)(2)(A).

22. TRIA defines "blocked assets" to include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act ("IEEPA"). TRIA § 201(d)(2)(A). The relevant blocking of the Veronica predates and is independent of the Government's later seizure under 18 U.S.C. § 981(a)(1)(G)(i). OFAC designated the vessel on February 22, 2022, as property in which a designated entity has an interest, thereby blocking it under IEEPA-based sanctions authority. Veronica Action, ECF No. 1 ¶ 27. In addition, the Government alleges that the Veronica is property of the IRGC and the IRGC-QF, whose property in which the United States has jurisdiction is blocked pursuant to Executive Order 13,224, an

IEEPA-based authority, and of Iran-linked persons whose property is blocked under the Iranian sanctions programs. *Id.* ¶¶ 16, 50–51; *see also Levinson v. Kuwait Fin. House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). The Veronica therefore qualifies as a blocked asset subject to execution under TRIA.

23. Pursuant to 18 U.S.C. § 983(a) and Supplemental Rule G(5)(a), Claimant hereby asserts a protective claim against the Defendant Property, the M/T Veronica, IMO 9256860, and all proceeds traceable thereto, to the full extent necessary and available to satisfy, in whole or in part, the compensatory damages owed to her under her judgment against Iran and the other judgment debtors, plus post-judgment interest and costs as applicable, with the amount recoverable to be determined by the value of the Defendant Property at the time it is applied toward satisfaction of her judgment.

24. This Notice is timely. The Government's notice of civil forfeiture was posted on www.forfeiture.gov beginning August 5, 2026, and Claimant files this Notice within the time allowed under Supplemental Rule G(5)(a)(ii) following that publication.

25. Claimant reserves all rights and remedies available at law or in equity to enforce her interest in the Defendant Property, including the right to seek a turnover of the Defendant Property or its proceeds under TRIA, notwithstanding the Government's forfeiture efforts.

26. This Notice is verified under penalty of perjury by the attached declaration of Claimant pursuant to 28 U.S.C. § 1746.

Dated: October 2, 2026

Respectfully submitted,

**Angela Mistrulli Cantone**
*Pro Se Claimant*
4402 Sumac Lane
Eau Claire, Wisconsin 54701
Telephone: 864-293-5296
Email: misslady0621@gmail.com

## VERIFICATION OF CLAIMANT

I, Angela Mistrulli Cantone, declare pursuant to 28 U.S.C. § 1746:

1. I hold a final, enforceable judgment, pursuant to 28 U.S.C. § 1605A, in my favor and against (1) Islamic Republic of Iran; (2) Ayatollah Ali Hoseini-Khamenei; (3) Ali Akbar Hashemi Rafsanjani; (4) Iran's Ministry of Information and Security; (5) Islamic Revolutionary Guard Corps; (6) Iran's Ministry of Petroleum; (7) National Iranian Oil Corporation; (8) National Iranian Tanker Corporation; (9) National Iranian Gas Company; (10) National Iranian Petrochemical Company; (11) Iran's Ministry of Commerce; (12) Iran's Ministry of Economic Affairs and Finance; (13) Iran's Ministry of Defense and Armed Forces Logistics; (14) Iran Airlines; (15) Central Bank of Iran; and (16) Hezbollah, in *Hoglan v. Islamic Republic of Iran*, Case No. 1:11-cv-07550 (GBD)(SN) (S.D.N.Y.), related to *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)(SN) (S.D.N.Y.).

2. My individual award under the judgment is $8,500,000.00 in solatium damages as the child of Joseph D. Mistrulli, who was killed in the terrorist attacks of September 11, 2001, together with prejudgment interest as provided in the judgment. Of that award, $7,910,277.66 in compensatory damages remains outstanding, exclusive of interest.

3. I assert my rights under Section 201(a) of the Terrorism Risk Insurance Act of 2002 as a judgment creditor of Iran and its agencies and instrumentalities, and I assert an interest in the Defendant Property, the Motor Tanker Veronica, International Maritime Organization Number 9256860, which is the subject of this forfeiture proceeding.

4. I submit the foregoing Notice of Verified Claim on my own behalf, *pro se*, and not as a member of any group of judgment creditors.

5. I have read the foregoing Notice of Verified Claim and, to the best of my knowledge, know the contents and information contained in it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2 day of October, 2026.

Respectfully submitted,

**Angela Mistrulli Cantone**
*Pro Se Claimant*
4402 Sumac Lane
Eau Claire, Wisconsin 54701
Telephone: 864-293-5296
Email: misslady0621@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I filed the foregoing Notice of Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *In Rem*, together with its attachments, including Claimant's Verification, with the Clerk of the United States District Court for the District of Columbia. I further certify that on the same date I caused a copy of the same to be mailed to the Government's counsel listed below via USPS Certified Mail and via electronic mail to Rajbir.Datta@usdoj.gov:

Rajbir Datta
Assistant United States Attorney
National Security Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530

Dated: October 2, 2026

**Angela Mistrulli Cantone**
*Pro Se Claimant*
4402 Sumac Lane
Eau Claire, Wisconsin 54701
Telephone: 864-293-5296
Email: misslady0621@gmail.com